UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>IAN JAMES BURNING BREAST,<br><br>Defendant. | 3:13-CR-30071-RAL<br><br><br>OPINION AND ORDER DENYING MOTION FOR SENTENCE REDUCTION |

Defendant Ian James Burning Breast pleaded guilty to witness tampering in violation of 18 U.S.C. § 1512(b)(3). Doc. 60 at 1. In the plea agreement, Burning Breast and the Government jointly agreed to recommend an above-guideline range sentence of 180 months imprisonment. Doc. 50. On March 31, 2014, this Court imposed the recommended 180-month sentence, Doc. 60.

In August of 2024, Burning Breast filed a motion for reduction in sentence under 18 U.S.C. § 3582(c)(2), requesting his sentence be reduced to a term of 162 months pursuant to Part A of Amendment 821 to the Sentencing Guidelines. Doc. 75. The Government filed a response, agreeing with Burning Breast that he is eligible for a sentence reduction, but nevertheless opposes such a reduction. Doc. 77. For the reasons explained below, Burning Breast's motion is denied.

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in Section 4A1.1(e). The amended provision states:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

1

Thus, a person who otherwise has 7 criminal history points or more now receives 1 additional "status" criminal history point, instead of 2, while one who otherwise has 6 criminal history points or fewer receives no status points. On August 24, 2023, the Commission decided that this change applies retroactively. See § 1B1.10(e)(2) (Nov. 1, 2023).

In determining whether a sentence reduction is warranted, "the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) . . . had been in effect at the time the defendant was sentenced." § 1B1.10(b)(1). Further, "[c]ourts generally may 'not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range' produced by the substitution." Dillon v. United States, 560 U.S. 817, 821 (2010) (quoting § 1B1.10(b)(2)(A)).

At sentencing, Burning Breast had 3 criminal history points before the addition of 2 "status points." PSR ¶¶ 30-31. With a total criminal history score of 5, Burning Breast was placed in Criminal History Category III. PSR ¶ 32. His total offense level was 27, and his guideline range was 87 to 108 months. PSR ¶ 57. However, this Court sentenced Burning Breast to 180 months imprisonment, a term of imprisonment well above the guideline range that was jointly recommended by Burning Breast and the Government in a plea agreement. Doc. 60. Applying Part A of Amendment 821, Burning Breast no longer receives "status points," resulting in a total criminal history score of 3. This places Burning Breast in Criminal History Category II, and his guideline range now becomes 78 to 97 months. Thus, Burning Breast is eligible for a sentence reduction. Because Burning Breast's sentence was "67% above the top end of the guideline range," Burning Breast is requesting that his sentence be reduced to 162 months, which represents 67% above the top end of the amended guideline range. Doc. 75.

The Government does not dispute Burning Breast's eligibility for a sentence reduction. However, the Government's opposition is based on the second step of the inquiry—consideration of the § 3553(a) sentencing factors. The § 3553(a) sentencing factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the [Sentencing Commission] guidelines . . . .
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]

18 U.S.C. § 3553(a). These factors inform the Court's duty to ensure the sentence imposed is "'sufficient, but not greater than necessary,' to comply with the sentencing purposes set forth in § 3553(a)[]." Pepper v. United States, 562 U.S. 476, 491 (2011). The Government argues first that a sentence reduction is unwarranted because Burning Breast already received a benefit by entering into a plea agreement. Doc. 77. The Government further argues that Burning Breast's post-sentencing conduct, the nature and circumstances of the offense, and the history and characteristics of the defendant do not support a reduction. Id.

This Court first addresses the impact of Burning Breast's plea agreement on a sentence reduction. A district court "can consider the benefits the defendant gained by entering a Type–C agreement when it decides whether a reduction is appropriate (or when it determines the extent of any reduction)." Hughes v. United States, 585 U.S. 675, 689 (2018). Although the plea agreement at issue here is not a Type–C plea agreement under Fed. R. Crim. P. 11(c)(1)(C), this Court sees

3

no meaningful difference, at this stage, between a Type–C plea agreement and a Type–B plea agreement under Fed. R. Crim. P. 11(c)(1)(B) where the court accepts and imposes the recommended sentence. See United States v. Johnson, 915 F.3d 223, 233–34 (4th Cir. 2019) ("If sentencing courts may consider mandatory plea agreements that were based on subsequently modified guidelines ranges, then courts may surely consider an agreement that merely recommended a sentence to the court."). Thus, it is appropriate for this Court to consider Burning Breast's plea agreement in deciding whether to reduce his sentence.

Burning Breast pleaded guilty to Count V of the Superseding Indictment. Doc. 50. Count V charged Burning Breast with Witness Tampering in violation of 18 U.S.C. § 1512(b)(3), which carried a maximum sentence of 20 years in prison. With Burning Breast pleading guilty to Count V, the Government agreed to dismiss the four remaining counts in the Superseding Indictment. Counts I and IV charged Burning Breast with Aggravated Sexual Abuse by Force, in violation of 18 U.S.C. §§ 1153, 2241(a) and 2246(2). Aggravated Sexual Abuse by Force carries a maximum sentence of life in prison. Count II charged Burning Breast with Sexual Abuse, in violation of 18 U.S.C. §§ 1153, 2242(1) and 2246(2). Sexual Abuse carries a maximum sentence of life in prison. Finally, Count III charged Burning Breast with Aggravated Incest, in violation of 18 U.S.C. § 1153 and S.D.C.L. §§ 22-22A-3 and 25-1-6. Aggravated Incest carries a maximum sentence of fifteen years imprisonment. S.D.C.L. § 22-6-1. Burning Breast and the Government had experienced counsel who negotiated a plea agreement with a joint recommendation of 180 months.

Burning Breast argues that "[h]ad the applicable guideline been lower [at the time of sentencing], the parties may have agreed upon a lower sentence." Doc. 78. However, "there may be circumstances in which the Government makes substantial concessions in entering into a [plea] agreement with a defendant—e.g., by declining to pursue easily proved and weighty sentencing

enhancements—such that there is a compelling case that the agreed-upon sentence in the [plea] agreement would not have been affected if the subsequently lowered Guidelines range had been in place at the relevant time." Hughes, 585 U.S. at 694 n.2 (Sotomayor, J., concurring).

Here, the plea agreement demonstrates that the Government was not influenced by the guideline range. Rather, the Government argued that the guideline range did not accurately reflect the seriousness of the underlying conduct. Indeed, to achieve the 180-month sentence, Burning Breast agreed in the plea agreement that the Government could pursue an upward departure. Doc. 77. The Government ultimately did move for an upward departure, citing U.S.S.G. § 5K2.21[1] which authorizes a Court to "depart upward to reflect the actual seriousness of the offense based on conduct (1) underlying a charge dismissed as part of a plea agreement in the case . . . and (2) that did not enter into the determination of the applicable guideline range." Doc. 57. The agreed upon 180-month sentence was "a benefit of the bargain" whereby the Government agreed to dismiss "other more serious charges, some of which could be punishable by up to life in prison." Doc. 77. Granting Burning Breast a sentence reduction would undermine the substantial benefit of the bargain that he received and for which the Government negotiated.

The 18 U.S.C. § 3553(a) factors do not support a sentence reduction and indeed point to why this Court should not dishonor the benefit of the bargain in the plea agreement. The nature and circumstances of the offense involves Burning Breast engaging in witness tampering to avoid responsibility for the sexual assault of his minor sister. PSR ¶ 7. The 17-year-old victim, after drinking with Burning Breast and their cousin, awoke to Burning Breast having intercourse with her. PSR ¶ 9. She told Burning Breast to stop, but he continued until he ejaculated. Id. The

---

[1] The Government's motion incorrectly cited the applicable provision as "U.S.S.G. § 2K2.21." Doc. 57.

victim contracted chlamydia as a result of Burning Breast's sexual assault and underwent treatment for the venereal disease. Id. The victim reported the sexual assault and called Burning Breast in a phone conversation that was recorded. The victim told Burning Breast that the F.B.I. was investigating the assault, and Burning Breast responded, "Just don't tell nothing." Doc. 51. He also told his sister that he'd rather kill himself than go to jail. Id.

The history and characteristics of the defendant also do not warrant a reduction. In 2011, Burning Breast pleaded guilty to sexual abuse of a minor and was sentenced to 18 months in prison with 5 years of supervised release to follow. PSR ¶ 30. While on supervised release, Burning Breast committed the instant offense, and his supervision was revoked. Id. Two other women reported sexual assaults perpetuated by Burning Breast while they were passed out, though no charges were brought. PSR ¶¶ 26-27. This Court must also consider the need for the sentence to reflect punishment, deterrence, and protection of the public from further crimes of the defendant. Given Burning Breast's history of sexual violence, he poses a danger to the community, justifying all of the 180-month sentence.

Although Burning Breast is eligible for a sentence reduction under Part A of Amendment 821, such a sentence reduction is not warranted. Burning Breast is serving the sentence he agreed to in exchange for the dismissal of charges that carried the possibility of life sentences. Moreover, the 180-month sentence is appropriate in light of the serious conduct Burning Breast engaged in and his disturbing history of sexual violence. Therefore, it is

ORDERED that Burning Breast's motion for sentence reduction, Doc. 75, is denied.
DATED this 31st day of December, 2024.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE